UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No:

Maria Lage

    Plaintiff,

v.

Party City Corporation

    Defendant.
_____/

**COMPLAINT**

COMES NOW the Plaintiff, Maria Lage (hereafter "Plaintiff"), by and through the undersigned counsel, hereby files this Amended Complaint and sues Defendant, Party City Corp., (hereafter "Defendant"), and in support avers as follows:

**JURISDICTION, PARTIES AND VENUE**

1. This is an action by the Plaintiff for damages exceeding $75,000 excluding attorney's fees or costs for damages pursuant to The ADEA for discriminatory treatment on the basis of age found on Plaintiff's complaint of discrimination in the workplace.

2. Plaintiff is a resident of Miami-Dade, Florida and Defendant is situated in Miami-Dade, Florida, within the jurisdiction of this Honorable Court.

3. Defendant is a Foreign Corporation doing business Miami-Dade County, Florida.

4. Defendant is a "person" and/or an "employer" pursuant to ADEA since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute.

5. Plaintiff is an "employee" within the meaning of the ADEA.

6. Defendant is an "employer" within the meaning of the ADEA.

7. Plaintiff is a older than 40 former employee of the Defendant, who is a member of a class of persons protected from discrimination in her employment.

8. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations, the agencies which are responsible for investigating claims of employment discrimination.

9. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

10. Plaintiff is a female, 61-year-old person.

11. Plaintiff began working with Defendant as a General Managers.

12. in November 2020, Mr. Asca, Plaintiff's supervisor, presented Mrs. Lage with the performance improvement plan without any explanation, alluding to a certain problem with a task that appeared not to be completed. The document was never explained to Mrs. Lage. The Charging Party was never informed of the aims of this plan or what aspects of her performance she had to improve.

13. Mr. ASCA only did this because he felt she was too old to perform the job and wanted someone younger than 40 years of age to take Plaintiff's position.

14. Mr. Asca more than once made comments like "he had been brought to the company to change the old fashion."

15. Also, on more than one occasion, the other managers, friends of Mr. Asca, all of whom were under 40 years of age, made comments to Mrs. Lage such as, "You should retire," and "You do not have to do this job anymore." Their names are Karla (LNU) and Darrell (LNU).

16. Likewise, on one occasion, Daniel de Jesus, an assistant Mr. Asca brought to the store, told Ralph (LNU), another store employee, that Mr. Asca had assigned him to that store to change or replace the Plaintiff because she had old-fashioned ways of doing things.

17. There were only fifteen (15) general managers in her district, and only two (2) were close to her age, Vivian (LNU) and Johnny (LNU).

18. Moreover, the Charging Party can identify valid comparators in all material respects. Mrs. Lage was replaced by two under-40-year-old employees, Natalie (LNU) and Robert Maghella.

19. Mr, Asca refused to remove Plaintiff from the performance improvement plan when time for an assessment of the plan came up and this was because he wanted her terminated her and knew that if he did not take her of the improvement plan eventually a directive would come allowing him to terminate Plaintiff.

20. This in fact happened when on March 1, 2023 a directive was issued terminating all general managers who were under a performance improvement plan.

21. As a result of Defendant's discriminatory treatment of the Plaintiff based on her age, the Plaintiff has suffered damages and was forced to retain undersigned counsel.

### COUNT I
### Age Discrimination in Violation of the ADEA

22. Plaintiff re-adopts each and every factual allegation stated in paragraphs 1-21 above as is set out in full herein.

23. Plaintiff is in the protected age category under the ADEA.

24. By the conduct described above, Defendant engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

25. Such discrimination was based upon the Plaintiff's age in that the Plaintiff would not have been the object of discrimination but for the fact of her age.

26. Defendant's conduct complaint of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of the Plaintiff's age was unlawful but acted in reckless disregard of the law.

27. At all times material hereto, the employees exhibiting discriminatory conduct towards the Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

28. Defendant retained the new and younger employees and did so despite the knowledge of engaging in discriminatory actions.

29. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damages.

30. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

31. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

32. The ADEA prohibits, 29 U.S.C. Sec. 623, et seq. prohibits employers from "refusing to hire or discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. Sec. 623.

33. Plaintiff was fully qualified to be employed by Defendant and could perform all essential functions of the position held with Defendant.

34. Defendant is a covered employer to which the ADEA applies.

35. As a result of Defendant's actions, Plaintiff suffered and will continue to suffer both economic and non-economic harm.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree the Defendant has violated the ADEA, and has willfully, intentionally, and with reckless disregard for Plaintiff's rights.

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## **JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury

Date: 7/3/23

                                                   Respectfully submitted
By: /s/: *Elvis J. Adan*
Elvis J. Adan, Esq.
Fla. Bar No.: 24223

GALLARDO LAWOFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088